1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   MICHAEL ANTHONY,                )        1:05-cv-01164-AWI-LJO-P
                                     )
11            Plaintiff,             )        **FINDINGS AND RECOMMENDATIONS**
                                     )        **RECOMMENDING DISMISSAL OF**
12   vs.                             )        **ACTION, WITH PREJUDICE, FOR**
                                     )        **FAILURE TO OBEY A COURT ORDER**
13   JEANNE WOODFORD, et al.,        )        **AND FAILURE TO STATE A CLAIM**
                                     )        **UPON WHICH RELIEF MAY BE**
14            Defendants.            )        **GRANTED**
     _____)
15                                            (Doc. 8)

16

17        Plaintiff Michael Anthony ("plaintiff") is a state prisoner

18   proceeding pro se and in forma pauperis in a civil rights action

19   pursuant to 42 U.S.C. § 1983.

20        By order filed May 15, 2006, the court found that plaintiff's

21   complaint failed to state any claims for relief against the named

22   defendants.  The court dismissed plaintiff's complaint and ordered

23   plaintiff to file an amended complaint within thirty days from the

24   date of service of that order.  More than thirty days have passed

25   and plaintiff has not filed an amended complaint or otherwise

26   responded to the court's order.

27        Local Rule 11-110 provides that "failure of counsel or of a

28   party to comply with these Local Rules or with any order of the

                                     1

1 Court may be grounds for the imposition by the Court of any and all

2 sanctions . . . within the inherent power of the Court." District

3 courts have the inherent power to control their dockets and "in the

4 exercise of that power, they may impose sanctions including, where

5 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,

6 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action,

7 with prejudice, based on a party's failure to prosecute an action,

8 failure to obey a court order, or failure to comply with local

9 rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

10 1995)(dismissal for noncompliance with local rule); Ferdik v.

11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

12 failure to comply with an order requiring amendment of complaint);

13 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

14 failure to comply with local rule requiring pro se plaintiffs to

15 keep court apprised of address); Malone v. U.S. Postal Service, 833

16 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

17 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

18 1986)(dismissal for failure to lack of prosecution and failure to

19 comply with local rules).

20     In determining whether to dismiss an action for lack of

21 prosecution, failure to obey a court order, or failure to comply

22 with local rules, the court must consider several factors: (1) the

23 public's interest in expeditious resolution of litigation; (2) the

24 court's need to manage its docket; (3) the risk of prejudice to the

25 defendants; (4) the public policy favoring disposition of cases on

26 their merits; and, (5) the availability of less drastic

27 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

28 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

1  <u>Ghazali</u>, 46 F.3d at 53.

2  In the instant case, the court finds that the public's

3  interest in expeditiously resolving this litigation and the court's

4  interest in managing the docket weigh in favor of dismissal.  The

5  third factor, risk of prejudice to defendants, also weighs in favor

6  of dismissal, since a presumption of injury arises from the

7  occurrence of unreasonable delay in prosecuting an action.

8  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

9  factor -- public policy favoring disposition of cases on their

10  merits -- is greatly outweighed by the factors in favor of

11  dismissal discussed herein.  Finally, a court's warning to a party

12  that his failure to obey the court's order will result in dismissal

13  satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>

14  <u>v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>,

15  779 F.2d at 1424.  The court's order of May 15, 2006, requiring

16  plaintiff to file an amended complaint, expressly stated: "If

17  plaintiff fails to file an amended complaint in compliance with

18  this order, the court will recommend that this action be dismissed,

19  with prejudice, for failure to state a claim upon which relief may

20  be granted."  Thus, plaintiff had adequate warning that dismissal

21  would result from non-compliance with the court's order.

22  Accordingly, it is HEREBY RECOMMENDED that this action be

23  DISMISSED, with prejudice, for plaintiff's failure to obey the

24  court's order of May 15, 2006, and for the reasons set forth

25  therein, namely, for failure to state a claim upon which relief may

26  be granted.

27  These Findings and Recommendations are submitted to the United

28  States District Judge assigned to the case, pursuant to the

3

1  provisions of Title 28 U.S.C. § 636(b)(l).   Within **twenty (20) days**

2  after being served with these Findings and Recommendations,

3  plaintiff may file written objections with the court.   Such a

4  document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."   Plaintiff is advised that failure

6  to file objections within the specified time may waive the right to

7  appeal the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153

8  (9th Cir. 1991).

9

10  IT IS SO ORDERED.

11  **Dated:    July 19, 2006**                                    **/s/ Lawrence J. O'Neill**
    b9ed48                                            UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28